

**Signed and Filed: April 12, 2011**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARY ANNE C. BARON AND ALLEX D. BARON,<br><br>                    Debtors. | ) Bankruptcy Case<br>) No. 10-33751DM<br>)<br>) Chapter 13<br>)<br>)<br>) |

### MEMORANDUM DECISION RE ATTORNEYS FEES CLAIMED IN FOOTNOTE

On November 10, 2010, Wells Fargo Bank, NA ("Wells Fargo"), though its counsel, filed a proof of claim indicating that Debtors owed $0.00 in arrearages, and $611,236.58 in secured debt. Even though Debtors were current on their obligations, Wells Fargo indicated in a footnote on an attachment to the proof of claim that it had incurred $300 in attorneys fees:

> Please be on notice that $300.00 in attorneys' fees and costs have been incurred for the post-petition preparation and filing of this Proof of Claim; obtaining and reviewing the Chapter 13 Plan; and the preparation, filing and service of a Request for Courtesy Notice to monitor this bankruptcy, <u>but are not included in the Proof of Claim</u>. If the Debtor(s) want these fees and costs included in the Proof of Claim so that the subject loan is current upon completion of the Plan, please contact [counsel for Wells Fargo].

Emphasis added.

Although this footnote indicates that the $300 was not included in the total amount due, Wells Fargo stated in subsequent

-1-

pleadings that it "properly included attorneys' fees and costs in its Proof of Claim." As discussed below, based on the relevant language of the underlying deed of trust, the court believes that Wells Fargo did not provide sufficient notice of the fees to Debtors. Therefore, whether or not the $300 charge was included in the total amount due or in the proof of claim, the court will disallow it.

In their objection to Wells Fargo's proof of claim, Debtors argued that Wells Fargo was undersecured and thus could not assert a claim for postpetition attorneys fees under 11 U.S.C. § 506(b). Debtors further contended that the $300 fee was not reasonable given that Debtors did not owe any arrearages, and that the footnote in the proof of claim provided insufficient notice of Wells Fargo's intent to charge such a fee. Debtors requested the court to disallow Wells Fargo's secured claim in its entirety in light of the alleged impropriety of asserting that it had incurred the $300 fee, and prayed that the court award them $750.00 for legal fees and expenses incurred in objecting to the claim.

In response, Wells Fargo correctly cited governing Ninth Circuit authority that an unsecured or undersecured creditor may file a claim for fees incurred postpetition if such fees are otherwise allowable under law. In re SNTL Corp., 571 F.3d 826, 843 (9th Cir. 2009). That said, Wells Fargo cannot use the notice purportedly provided by the footnote in the proof of claim as grounds for collecting or charging the fee to Debtors.

Under California law, provisions of a contract permitting a party to recover reasonable attorneys' fees incurred in enforcing

Case: 10-33751    Doc# 55    Filed: 04/12/11    Entered: 04/13/11 13:56:22    Page 2 of 5

that contract are enforceable. Cal. Civ. Code § 1717(a).[1] Wells Fargo asserted that it was entitled to assert the claim for attorneys fees pursuant to section 7 of the deed of trust, which provides:

> If (a) I do not keep my promises and agreements made in this Security Instrument, or (b) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), <u>then the Lender may do an pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees</u>, purchasing insurance required under Paragraph 5, above (such insurance may cost more an provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. <u>Lender must give me notice before Lender may take any of these actions</u>. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.
>
> <u>I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest</u>, at the interest rate in effect under the Secured Notes. I will pay those amounts to Lender <u>when Lender sends me a notice requesting that I do so</u>.

Emphasis added.

At a hearing on the claim objection, Debtor's counsel argued that Wells Fargo had not provided the notice of the attorneys fees required by section 7 of the governing deed of trust.[2] The court

---

[1] However, if such a clause exists, the other party may recover reasonable attorneys fees if it prevails "on the contract." Cal. Civ. Code § 1717(a). The party prevailing on the contract "shall be the party who recovered a greater relief on the contract." Cal. Civ. Code § 1717(b).

[2] At the hearing, the court instructed Wells Fargo to provide further authority for its position no later than March 11. Wells Fargo did not file a timely supplemental memorandum. Debtors

-3-

agrees. As stated previously, Wells Fargo can recover reasonable attorneys fees under California law to the extent it is entitled to them contractually. Here, under the terms of the contracts drafted or provided by the lender from whom Wells Fargo acquired its rights, Wells Fargo is not entitled to recover the fees.[3] Section 7 requires the lender to "send" notice to Debtors before paying attorneys fees; simply filing a proof of claim does not constitute "sending" notice, as no proof of service has been filed indicating that the claim was sent to Debtors, and proofs of claim are not electronically noticed by the court. The promissory note at paragraph 9 states that notices shall be given to Debtors by first class mail.[4] Adding a footnote to an attachment to a proof of claim does not provide the notice contemplated by the pertinent agreements, which were not drafted by Debtors.

Consequently, to the extent the Wells Fargo's claim includes

---

therefore requested an order by default disallowing the claim and awarding them attorneys' fees. Wells Fargo responded that its "failure to file the above statement resulted from both [sic] a scheduling error by [its] counsel regarding the deadline to respond to the Court's order[,]" but did not submit declarations to support this statement. After Debtors filed another response, the court directed the parties not to file anything further.

[3] Wells Fargo argues that it was not required to provide notice because it had not paid the fees, only incurred liability for them. Wells Fargo has not provided a declaration or evidence in support of that assertion.

[4] The promissory note also provides in section 8 ("Borrower's Failure to Pay as Required") that "the Lender will have the right to be paid back by me for all costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs." As Debtors were not in default under the Note, Wells Fargo was not taking an action to enforce it. Even if it had, the terms of the Deed of Trust require notice of such fees to be sent to Debtors.

-4-

the attorneys' fees, that amount ($300) should be disallowed. However, Debtors have not provided grounds for disallowance of the full claim (particularly when the claim indicates that the $300 fee is not included in the total amount due).

Even though the court believes that Debtors' actual aim in filing the objection was to have the $300 fee stricken and to prevent Wells Fargo from asserting a default based on nonpayment of that amount, the court is not granting all of the relief they sought (i.e., disallowance of the claim in its entirety). If Debtors want to recover their attorneys' fees under the reciprocity provision of section 1717(a) of the California Civil Code, they will need to file a motion for determination that they are the prevailing parties. See Cal. Civ. Code § 1717(b)(1). The court is denying Debtors' request for attorneys fees under 28 U.S.C. § 1927, as no basis exists for a finding that Wells Fargo multiplied the proceedings unreasonably and vexatiously.

The court will enter an order consistent with this Memorandum Decision.

**END OF MEMORANDUM DECISION**